# McCredy's Appeal.

1. Under the Act of February 25th 1853 (authorizing the court to discharge land from liens), an appeal to the Supreme Court lies only when the decree is for the petitioner.

2. What is granted to a petitioner under the Act of 1853 is pure grace; he must make out a very clear case.

3. The refusal to grant the petition impinges on no legal rights of the petitioner, and he has no appeal.

[McCredy's Appeal.]

March 17th 1870.　Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.　READ, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia:* No. 127, to July Term 1869.

In October 1865, Dolores E. McCredy and others, executors, &c., of the will of Thomas McCredy, deceased, petitioned the Orphans' Court of Philadelphia, setting forth, that Bernard McCredy was seised of two pieces of real estate, one in Rockdale, Delaware county, the other in Norristown, Montgomery county; that by his will he gave to his daughter, Emeline M. Ewing, the sum of $2000 annually during her life, and charged upon his Delaware county property the sum of $33,333, in order to raise the annuity; the principal to go to her children at her death.　He made a like provision, charged in the same manner, for another daughter and her children.　He gave all the residue of his estate, after the payment of his debts, and securing the payment of the annuities to his daughters and the principal to their children, to his son, Thomas McCredy.　These legacies were decided by the Supreme Court to be a lien upon all the real estate of which Bernard McCredy died seised.　Thomas McCredy afterwards died, having made his will, by which he gave his executors authority to sell his real estate.　By virtue of that authority the executors sold the real estate in Norristown, out of the proceeds of which they paid the legacy to the children of one of the daughters who was dead.　After setting out other facts, not necessary to notice here, the petitioners prayed the court to decree, under the 1st section of the Act of February 23d 1853, that the Norristown property be discharged from the lien of the legacy to Mrs. Ewing and her children.

The court referred the matter to George Junkin, Esq., as auditor, who recommended a decree as prayed for.　The report was set aside by the Orphans' Court (Ludlow, J.) and the decree prayed for refused.

The Act of 1853, Pamph. L. 98, Purd. 304, pl. 195, is as follows :—

"Whenever any testator shall have heretofore by his last will and testament, duly proven, given or bequeathed any annuity or annuities to any person or persons, or directed the payment of an annuity or annuities by his executors or trustees or bequeathed legacies of principal sums, payable at a future period, or upon contingencies, or under other circumstances by which the payment or discharge and satisfaction of such legacies may be postponed or may not take place until a distant period after the death of such testator, and either by the express words of the will or by the rules of law, in the construction thereof such annuities or legacies are made or become a charge upon all the residuary estate of the testator, and whenever any testator shall hereafter make

[McCredy's Appeal.]

any such bequest and provisions, in any such case it shall be lawful for the executors of any such will or for any such annuitant or legatee, or for any person interested in such residuary estate, at any time after the expiration of one year from the granting of letters testamentary, to apply by petition to the Orphans' Court having jurisdiction of the accounts of such executors, setting forth the facts and praying relief, whereupon the court may order a citation to be issued to the parties interested, to appear on a day certain, to show cause why the relief prayed for should not be granted, and upon the return of such citation if all the annuitants, legatees and other persons interested, shall have had due notice of the application, the court may refer the case to an auditor, with directions to inquire into the circumstances, and to report upon the amount and condition of the estate, and upon the expediency and propriety of exempting any part or portion of the residuary real estate, from the lien and charge of such annuities and legacies, or of either of them, having due regard to the absolute and ultimate security of such annuities and legacies, and upon such report being made, and due notice thereof having been given to all persons interested, it shall be lawful for the court to make a decree in the premises, and if it shall appear that all the debts of the testator have been paid or sufficiently secured, the court may order and decree that such part or parts of the residuary real estate, or such real securities or investments in public stocks, shall be set apart or appropriated, as in the judgment of the court, shall appear to be and with reasonable probability continue to be adequate and sufficient beyond all charges, expenses and deductions for the payment of such annuities and legacies, providing always a sufficient surplus to meet any contingency, diminution or depreciation in the value or income of the estate, and securities so set apart, and when such decree shall have been made, it shall be further lawful for the court to order and decree, that all the remaining residuary real estate of the testator, not so specifically set apart, shall be and remain discharged and exonerated from the lien and charge of any and every such annuity and legacy, in the hands of any bonâ fide purchaser of such real estate for a valuable consideration, and such decree shall have the force and effect of discharging and exonerating all such real estate accordingly, unless an appeal be taken from such decree to the Supreme Court, within one year after entering the same."

The executors of Thomas McCredy appealed, and assigned for error the setting aside the auditor's report, and refusing to grant the prayer of the petition.

*C. Guillou* and *A. V. Parsons*, for appellants.

*P. McCall*, for the appellees, Mrs. Ewing and her children:

[McCredy's Appeal.]

The opinion of the court was delivered, March 21st 1870, by SHARSWOOD, J.—If the Act of February 23d 1853, Pamph. L. 98, contained no provision for an appeal, the 59th section of the Revised Act of March 29th 1832, "relating to Orphans' Courts," Pamph. L. 213, would have been applicable in all probability. It provides generally that "any person aggrieved by a definitive sentence or decree of the Orphans' Court, may appeal from the same to the Supreme Court." I speak doubtfully on this point, because there would be some reasons, from the nature and subject-matter of the proceeding authorized by the Act of 1853, for holding that the power given to that court was meant to be discretionary. The legislature have, however, specially confined the appeal to the case of a decree in favor of the petitioner. The words are very plain. After enacting that the court may order and decree that certain parts of the residuary estate of the testator shall be set apart, and that all the remaining residuary real estate shall be exonerated from the lien and charge of the legacy and annuity in question, it declares that "such decree shall have the force and effect of discharging and exonerating all such real estate accordingly, unless an appeal be taken from such decree to the Supreme Court within one year after entering of the same." The appeal is here expressly confined to such decree as is before spoken of, and which is to have the effect of discharging the land from the lien unless the appeal be taken. It is clear that the appellant cannot stand on this provision. If he recurs to the Act of 1832 there would be this gross incongruity. One party would have three years in which to appeal—and the other but one. There are good reasons for confining the appeal to the single case of a decree in favor of the petitioner. The annuitants or legatees have a clear legal and vested right to their lien in its full extent. What is granted to the residuary devisee or his assigns is a pure matter of grace or favor. He must make out a very clear case. The auditor to whom the case is to be referred is to report upon the expediency of the exoneration prayed for "having due regard to the absolute and ultimate security" of the annuities and legacies; and the court are to make the decree only when what remains "shall appear to be and with reasonable probability to continue to be, adequate and sufficient beyond all charges, expenses and deductions for the payment of such annuities and legacies, providing always a sufficient surplus to meet any contingent diminution or depreciation in the value or income of the estate and securities so set apart." Here a very large discretion is conferred upon the court, which the legislature meant should be reviewed when exercised, because it then impinges upon the legal rights of the legatees and annuitants, by diminishing certainly their security. But the refusal of the court to exercise their discretion as prayed for impinges upon no legal rights of the petitioner. Such

[McCredy's Appeal.]

a refusal cannot properly, and ought not to be the subject of review. On the other hand it is essential to protect the legal rights of the legatee or annuitant that a decree of exoneration should be re-examined. Gross injustice might otherwise be done, without any means of redress.

Appeal quashed at the costs of the appellant.